No. 26-_____

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

———————————

In re UNITED STATES OF AMERICA,

Petitioner.

———————————

**EMERGENCY MOTION FOR STAY UNDER RULE 8**

———————————

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

BRAD HINSHELWOOD
DANIEL WINIK
DOUGLAS C. DREIER
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7213*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-2495*

_____

On May 27, the Court of International Trade (CIT) issued an order compelling the live testimony of U.S. Customs and Border Protection (CBP) Commissioner Rodney S. Scott—a Senate-confirmed Executive Branch official—at a hearing in New York City on **Tuesday, June 9**. A17. We have petitioned this Court for a writ of mandamus to block that order.

Because the hearing is scheduled for one week from today, and the CIT's order immediately harms the government by compelling the Commissioner to spend time preparing to testify, the Court should stay the order pending its disposition of the pending mandamus petition. And to the extent necessary, the Court should grant an administrative stay pending its resolution of this motion for a full stay pending mandamus.

In order to leave sufficient time for the Solicitor General to consider whether to seek relief from the Supreme Court, if necessary, we respectfully request that the Court grant at least an administrative stay no later than **this Friday, June 5**.

The plaintiffs in the case in which the CIT entered the order take no position on whether this Court should stay the requirement for the Commissioner to attend the June 9 hearing.

## ARGUMENT

A stay requires considering "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009).[1] A stay is warranted under that standard.

**1.** The government is likely to prevail on its mandamus petition.

Courts, including this Court, have repeatedly made clear that the testimony of a high-ranking official cannot be compelled except in "extraordinary circumstances," where the official possesses "first-hand knowledge" that cannot be provided by "other persons," *In re United States*, 542 F. App'x 944, 948 (Fed. Cir. 2013) (unpublished) (quotation marks omitted), and that is "essential to the case," *In re U.S. Dep't of Educ.*, 25 F.4th 692, 703 (9th Cir. 2022).

---

[1] The same factors govern issuance of stays pending mandamus. *See Nken*, 556 U.S. at 434 (explaining that "similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined"); *In re Citizens Bank, N.A.*, 15 F.4th 607, 615-616 (3d Cir. 2021) (applying the usual four-factor standard to a stay pending mandamus).

That standard is not remotely met here. The Commissioner is plainly a high-ranking official within the meaning of the doctrine. And as our mandamus petition explains in greater detail, neither the CIT nor any party to this litigation has suggested that the Commissioner has unique firsthand knowledge of the matters on which the CIT has demanded that he testify. The CIT did not even acknowledge the governing "extraordinary circumstances" test, much less explain why that test was satisfied. And when the government subsequently moved to substitute one of two other senior CBP officials—Susan Thomas, CBP's Executive Assistant Commissioner for Trade, or Brandon Lord, the Executive Director of the Trade Programs Directorate within CBP's Office of Trade—with firsthand knowledge responsive to the CIT's questions, the CIT denied that motion without even citing, much less engaging with, the relevant standards, or explaining why the testimony of either of those witnesses would be insufficient to obtain the information it seeks.

**2.** The equities are likewise straightforward. If the Commissioner's appearance cannot be postponed until this Court has had the opportunity to rule on the mandamus petition, the harms to the government obviously

could not be repaired after the fact. Indeed, the petition would become moot in that circumstance.

And the harms to the government are significant. The exceptional-circumstances standard exists because "the compelled appearance of a high-ranking officer of the executive branch in a judicial proceeding implicates the separation of powers," *In re United States (Jackson)*, 624 F.3d 1368, 1372 (11th Cir. 2010), and because "[t]he duties of high-ranking executive officers should not be interrupted by judicial demands for information that could be obtained elsewhere," *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) (per curiam). This Court has repeatedly recognized these concerns. *In re United States*, 542 F. App'x at 947; *see also NEC Corp. v. United States*, 151 F.3d 1361, 1375 (Fed. Cir. 1998) (affirming decision to permit officials to testify in writing). Absent a stay, the Commissioner will be required to take significant time away from his public duties to travel to and appear at a hearing in New York City—and, even before then, to prepare for the hearing.

There is no countervailing harm to anyone else from a stay. That is obvious as to plaintiffs themselves, none of whom sought the Commissioner's (or anyone else's) testimony on the matters the CIT has ordered the Commissioner to address. As our mandamus petition explains in greater

detail, the CIT has conducted these proceedings entirely sua sponte. And to the extent the CIT (the respondent to the mandamus petition) qualifies here as the other party whose harms are to be considered in the equitable balance, it would suffer no material harm from a stay of the Commissioner's testimony. As discussed above, the CIT can obtain from other witnesses the information that it seeks, and in any event, there is no particular urgency to the hearing it has scheduled. As further discussed in our petition, the ostensible purpose of the hearing is to consider whether to lift a stay of an injunction that the CIT first issued on March 4 and has stayed since March 6. Nearly three months have passed since then, without any indication until quite recently that the CIT was considering lifting the stay. Even if the CIT is determined to wait for the Commissioner's testimony, and even if this Court ultimately allows the CIT to compel that testimony, there is no reason the CIT's consideration of whether to lift the stay of its long-stayed injunction cannot wait long enough for the mandamus petition to be adjudicated.

- 6 -

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. McARTHUR
  *Deputy Assistant Attorney General*

BRAD HINSHELWOOD
DANIEL WINIK
DOUGLAS C. DREIER

 */s/ Sophia Shams*

SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7213*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*
  *Sophia.Shams@usdoj.gov*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,015 words.  This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Book Antiqua, a proportionally spaced typeface.

*/s/ Sophia Shams*

Sophia Shams