

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 305-1754

June 3, 2026

**Via CM/ECF**

Jarrett B. Perlow, Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place NW
Washington, D.C. 20439

      RE:   *In re United States*, No. 2026-144

Dear Mr. Perlow:

As the Court is aware, the Court of International Trade (CIT) posted two letters this afternoon on the docket in *V.O.S. Selections, Inc. v. United States*, No. 25-cv-66. Both letters have now been docketed in this case.

The first letter appears to reflect an incorrect understanding that the government has, to date, sought a stay of the universal injunctions entered by the CIT in *V.O.S. Selections* and three other cases. As the mandamus petition explains, the government has appealed those injunctions (those appeals are now pending as Nos. 2026-1895, -1897, -1898, and -1899), but will seek a stay of them only if the CIT lifts the stay it has so far maintained. The pending motion in this case seeks a stay only of the CIT's order that the Commissioner of U.S. Customs and Border Protection (CBP) testify at the hearing the CIT has scheduled for June 9.

The first letter also asserts that "all of the progress" CBP has made toward an efficient system of processing refunds "results from" the CIT's universal injunction, first issued on March 4. Although facts concerning the origins of CBP's efforts are irrelevant to this petition, we note for the sake of completeness that, in a declaration filed two days after that injunction was issued, CBP explained that "[i]n *preparing for* the *potential* need to refund IEEPA duties," it had "considered how to implement a process to issue IEEPA duty refunds in a more efficient manner" and was "confident that it [could] develop and implement" what has now become the Consolidated Administration and Processing of Entries

(CAPE) functionality within CBP's system of record for imported merchandise. A68 (emphases added).

The second letter offers a further explanation for the CIT's order that the CBP Commissioner testify on June 9—namely that the CIT understands itself to be conducting "settlement negotiations … over just how the required refund of IEEPA duties will be accomplished"; that the Commissioner "will be made aware of all that has transpired and what is likely to transpire in the negotiations"; and that, while the Commissioner "will not be asked to settle anything," he "will be asked to answer questions about any steps [CBP] has taken to comply with the order." Suffice it to say that the letter is consistent with the CIT's prior failures to recognize the body of law governing orders to compel the testimony of high-ranking officials. It only underscores the need for mandamus.

We would appreciate your transmitting this letter to the panel considering the mandamus petition and stay motion. Thank you for your assistance.

Sincerely,

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC D. McARTHUR
*Deputy Assistant Attorney General*

BRAD HINSHELWOOD

*/s/ Daniel Winik*
DANIEL WINIK
SOPHIA SHAMS
DOUGLAS C. DREIER
*Attorneys, Appellate Staff*
*Civil Division, Room 7245*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*

cc:     All counsel (via CM/ECF and email)